IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| IRIS NILSA CORTES | CIVIL NO. 11-1509 (SEC) |
| Plaintiff, | |
| | RE: EMPLOYMENT |
| v. | DISCRIMINATION RIGHTS |
| ERNST AND YOUNG LLP, ERNST & YOUNG PUERTO RICO LLC JORGE CAÑELLAS, TERESITA FUENTES, ARTURO ONDINA, RODOLFO COLBERG | PLAINTIFF DEMANDS TRIAL BY JURY |
| Defendants | |

RECEIPT # PRX100006134
AMOUNT: $350.00
JUN - 2 2011
CASHIER'S SIGNATURE

COMPLAINT

TO THE HONORABLE COURT:

COMES NOW the Plaintiff, by and through prose, Plaintiff appear prose because she is in the process of reaching an agreement for legal representation and respectfully alleges, states and requests, as follows:

I. INTRODUCTION

1. This complaint is brought, pursuant to the Civil Rights Act 42 USC 2000-2000(e); The Age Discrimination Act, ADEA 29 USC §623 (f); The Americans with Disabilities Act, 42 U.S.C. §§ 12101, *et seq.*, against ERNST AND YOUNG LLP AND ERNST & YOUNG PUERTO RICO LLC (henceforth "ERNST"); for discrimination in the

1

workplace by reason of her age, sex, and disabilities, on the basis of the facts alleged herein after.

2. This complaint is also brought, pursuant to the following pendant claims: Art. II § 1 Constitution of Puerto Rico; Act number 100 of June 30 of 1959 (29 USC §146 et seq); Act 44 of July 2, 1985, (1LPRA 501); Act number 115 of December 20th of 1991 (11 L.P.R.A. § 194 et seq) (herein after Retaliation Act; Act Number 69 of July 6, 1985 (29 L.P.R.A. Sec. 1321; and Act Number 80, of 1976 (29 L.P.R.A. Sec. 185 et seq.).

3. On March 9, 2007, the Plaintiff filed timely charges of employment discrimination with the Anti-Discrimination Unit of the Department of Labor and Human Resources.

4. CORTES also brought a tort claim in this complain under Art. 1802 of the Puerto Rico Civil Code (31 L.P.R.A. § 5141, 5142) for the damages as consequence of the discrimination acts of the defendant.5. Cortes demands trial by jury.

## II. JURISDICTION

6. This Honorable Court has subject matter jurisdiction to allow this suit pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized pursuant to 42 U.S.C. § 12117(a).

7. The facts set forth in the instant complaint constitute violations of the Plaintiff's employment rights and are actionable under the Rehabilitation Act (29 U.S.C. §§ 791

2

*et. seq.*); and, under Title VII of the Civil Rights Act of 1964 (42 U.S.C. §§ 2000e *et. seq.*) and Title I of the Civil Rights Act of 1991 (42 U.S.C. § 1981a).

8. This Honorable Court has personal jurisdiction over this civil action because the employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court, District of Puerto Rico9. Furthermore, pursuant to 42 U.S.C. § 1367(a), this Honorable Court has supplemental jurisdiction over the pendent claims raised herein by Plaintiff, pursuant to the Laws mentioned in items 2 and 4 above, since they are so related to the aforestated federal claim that they all form part of the same case or controversy under Article III of the Constitution of the United States of America.

10. The Plaintiff filed timely charges of employment discrimination with the United States Equal Employment Opportunity Commission (hereinafter referred to as "EEOC"). This administrative agency granted the letter to sue on March 7, 2011

### III. THE PARTIES

11. Plaintiff CORTES is a resident of Puerto Rico and citizen of the United States of America. She is presently suffering from a physical and mental conditions.

3

within the meaning of the applicable statutes, who suffered from employment discrimination of the type protected by the above mentioned statutes, fulfilling duties for , in DEFENDANT'S office as Senior Manager.

13. At all times material herein, plaintiff was duly qualified to carry out the duties assigned to her in her positions as Manager of the Tax Department and, subsequently, Senior Manager. In these positions she performed her functions with a high degree of excellence, diligence and interest in her work; and, she expected to be treated with equality and in a professional and respectful manner by her supervisors, without the fear of being the object of discrimination by reason because of sex, age, disabilities reprisals in employment.

14. At all times relevant herein, Defendant ERNST is a private corporation duly organized pursuant to the laws of the Commonwealth of Puerto Rico, with its place of business in Puerto Rico, where it was authorized to do, and did, business. The Defendant physical address is: Suite 1000, Scotiabank Plaza, 273 Ponce de León Avenue, San Juan, Puerto Rico, its telephone number are: (787 759-8212, and its fax number is (787) 753-0813.

15. At all times relevant herein, ERNST is an employer, within the meaning of the applicable statues, which had more than 500 employees.

16. At all times relevant herein, ERNST acted through its agents and employees, JORGE CAÑELLAS ("CAÑELLAS"), TERESITA FUENTES ("FUENTES"), RODOLFO COLBERG (COLBERG) and ARTURO ONDINA ("ONDINA"). The last business information known by Plaintiff for these defendants is the same as for Ernst. At present, Plaintiff has no knowledge of personal information of the Defendants.

17. At all times relevant herein, CAÑELLAS performed managerial, administrative and/or supervisory functions in ERNST, fulfilling duties as a Partner and is sued in his official and personal capacity.

18. At all times relevant herein, FUENTES performed managerial, administrative and/or supervisory functions in ERNST, fulfilling duties as Partner, and is sued in her official and personal capacity.

19. At all times relevant herein, Colberg performed managerial, administrative and/or supervisory functions in ERNST, fulfilling duties as Partner, and is sued in her official and personal capacity.

20. At all times relevant herein, ONDINA performed managerial, administrative and/or supervisory functions in ERNST, fulfilling duties as Partner, and is sued in her official and personal capacity.

## VI. FACTUAL ALLEGATIONS

21. On February of 1993, CORTES began to work for ERNST, As Manager of the Tax Department, as a full-time career position, under the supervision of Defendant Cañellas and Colberg, and subsequently under the supervision of Fuentes as well. She was also supervised by Ondina when he took over the managing partner position previously occupied by Colberg. .

22. After four years Plaintiff CORTES was promoted to the position of Senior Manager, even thought there were vacancy since her third year of tenure in ERNST, and she met the requirements for the positions available.

23. Her eighteen (18) years of seniority in ERNST CORTES has shown the credentials and loyalty to be promoted to the position of Partner of ERNST, but never has been considered. However, at all times relevant herein, CORTES has been required to performed in the practice managerial, administrative and/or supervisory functions in ERNST, fulfilling duties as a Partner. During this period she has officially been assigned to accounts under the title of partner to perform partnership duties with some of ERNST clients locally and internationally.

24. At all times relevant herein some of Ernst and Young LLP executives had made derogatory and discriminatory comments against CORTES based on age inferring that in the next two years some partners will retire and will be fulfill with young

6

employees. Therefore, Ernst policy of partner promotions has been during the years a discriminatory employment's practice based on sex, and age discrimination.

25. At all times relevant herein ERNST has other discriminatory employment practice based on age, sex and physically and mentally discriminations. During the years ERNST has open some managerial positions to its departments but has discriminated based on age and sex criteria. Actually, ERNST has promoted (Ondina) a young male for the position of Managing Partner substituting Mr. Colberg who was forced to the retirement at the age of 55 years. Furthermore, Ernst forced Mr. Cañellas to retirement at the age of 58 years. In addition, a young male was promoted to Audit Director even though Ms. Carmen Rosich had more seniority in the department. As a consequence Ms. Carmen Rosich resigns to her position at Ernst.

26. Some ERNST officials had said to CORTES that she would not be promoted to partnership because of her age.

27. At all times relevant here in ERNST has assigned to CORTES a greater sales volume in comparison with other young male employees with the clearly intention of forcing her to rescind or affecting her physical and mental conditions.

28. At all times relevant herein ERNST has affected CORTES through hostile environments and terms and conditions of

employment that has affected her physically, and mentally. As a consequence she has filed a workmen compensation claim and received medical treatment with the Puerto Rico Workmen Compensation Fund Corporation.

29. On February 16, 2007, Cañellas and Fuentes pressured her to rescind in ERNST, to take a position of Tax Manager in Verizon which is a public audit client of Ernst. This request was a clear violation to the Sarbanes & Oxley law which prohibits auditors to perform management duties as, interviewing or referring employees to clients. That is, Cortes was pressured to realize an illegal act that would have legal consequences for her. As a consequence CORTES was affected emotionally with these acts.

30. During her employment in ERNST CORTES has requested many times promotions, professional improvement, and equal opportunities in employment with regard to the treatment given to others, male and young employees. However, all her requests have been denied.

31. Cortes as a consequence has suffered physical and mental damages which has required psychiatric private treatment, and with the Puerto Rico Workmen Compensation Fund Corporation on medical leave. Actually, she is in a long term disability benefit receiving medical treatment for her physical and mental conditions.

32. As a result, on March 9, 2007, the Plaintiff filed timely charges of employment discrimination with the Anti-Discrimination Unit of the Department of Labor and Human Resources. She claimed discrimination based on gender, age, disabilities, and reprisal on employment.

33. Cortes discrimination claims are based among others in the followings: a) Denials of professional improvements in employment; b) Denials of equal treatment in comparisons with others Young employees; c) denials of equal treatment with comparisons with others males employees; d) Denials of equal treatment in comparisons with others non disabilities employees; e) Denials of promotions for partnership positions; f) Denials of promotions to managerial positions; g) Denials in the volume assignment of sales and accounts in comparisons with her peers; h) Comments and hostile environments in employment by the defendants; i) Denials of a reasonable accommodations in employment as requested by CORTES; j) Acts and omissions by Defendants executives causing damages to CORTES.

34 At all times relevant here ERNST discriminatory acts have been continuous against CORTES causing her severe economics, and mental anguish damages.

35 ERNST employment practice among the years is that if an employee was not a candidate to Partner then has to leave. . It is understood that in the more than 50 years of Ernst & Young

9

nobody has retired from the position of Senior Manager. As a matter of fact a former Senior Manager, who had been a longtime in the Firm, was fired because he was not going to become a partner because of his age. It is understood that it has never existed a senior manager who was 52 years old. In the almost 18 years of Cortes tenure she has not seen anyone. The employees quit or they are fired.

36. Accordingly, with ERNST labor composition CORTES, is the oldest in the Firm. The only persons older than her are the ones that are partners or administrative employees.

37. At all times relevant during CORTES tenure in employment she has engaged efficiently in her work. However, contrary to her male and young peers she has not been considered to be promoted to other managerial positions, nor partner positions.

38. All this undue pressure continuously exerted over Plaintiff at the work place aggravated her physical disability, diminished the effectiveness of the intensive treatment and the Plaintiff was diagnosed with depression, anxiety, and sleeping problems arising from the Defendant's harassment, threats to discipline her, and the discriminatory manner in which Defendants had handled her physical and emotional injury. Plaintiff was referred to a psychiatrist.

39. During treatment CORTES was continually harassed by ERNST partner, and the Human Resources Department, even though

they know she has being under treatment by the State Insurance Fund, and her private psychiatric.

40. Plaintiff always gave notice of her diagnosis and symptoms to the Defendants.

41. After Defendants learned that CORTES was suffering from a depression, subjected her to continuous harassment and discrimination on the basis of her physical and emomtional impairment. As other examples, Defendants subjected CORTES to extreme supervision, increased accounts, and quotas of sales, and scrutinized her work. Also, Defendants denied reasonable accommodations even thought was requested by CORTES.

42. Defendants intentionally subjected CORTES to a hostile work environment and rigorous terms and conditions of employment because of her physical, and mentally disability with the purpose of forcing her into a constructive discharge.

43. As a result of the hostile work environment and rigorous terms and conditions of employment to which CORTES was subjected to by the Defendants, she felt offended, humiliated, uncomfortable, bothered, anxious, depressed, intimidated and emotionally unstable. Moreover, she suffered an aggravation of her physical and emotional condition that required a long term disability medical leave.

45. CORTES´S medical illness significantly limited her mayor life activities of working, sleeping and relating to

others. She is qualified to perform the essential functions of her position, as long as she is provided with a work environment free from any hostility that could exacerbate her symptoms.

## IV. CAUSES OF ACTION

First Cause of Action; Disabilities Discrimination Claim:

46. The paragraphs stated herein before are literally incorporated herein and are made part of this paragraph.

47. This First Cause of Action arises under the Americans with Disabilities Act, 42 U.S.C. §12101, *et seq.;* 42 U.S.C. § 12117(a) and 42 U.S.C. §1981a; Civil Rights Act 42 USC 2000-2000 (e): Act 44 of July 2, 1985, (1LPRA 501);

48. Defendants unlawfully discharged and otherwise discriminated against CORTES with respect to her terms, conditions and privileges of employment because of her disabilities, in violation of 42 U.S.C. § 12112.

49. As a direct result of ERNST and Defendant's unlawful employment practices, CORTES sustained an aggravation of her physical and emotional condition; suffered, is suffering and will continue to suffer severe psychological, moral and emotional pain, anguish and distress; and, has sustained a loss of happiness and a loss of the capacity to enjoy life.

50. Defendants engaged in the unlawful discriminatory practices in question with malice or reckless indifference to the federally protected rights of CORTES. Thus, pursuant to 42

U.S.C. §1981a, Plaintiff is entitled to receive an award for punitive or exemplary damages, which will serve as punishment and deterrence for such unlawful discriminatory practices.

51. On the basis of the foregoing, CORTES is entitled to receive, as compensatory and punitive damages, the maximum amount allowed by 42 U.S.C. § 1981a.

52. Furthermore, as a consequence of Defendant's unlawful employment practices and CORTES'S resultant emotional damages, she has been and will continue to be in the future under psychiatric treatment and medications.

53. Moreover, as a direct of Defendant's unlawful discharge, CORTES has sustained a loss of earnings. Defendant is liable to Plaintiff for back and future pay.

54. In addition, pursuant to 42 U.S.C. § 2000e-5(k), Rule 54(d)(1) of the Federal Rules of Civil Procedure and 28 U.S.C.S. § 1920, CORTES is entitled to be awarded the costs to be incurred in this suit, plus reasonable attorney's fees.

THEREFORE, Cortes demands that Judgment be entered in her favor, and granting her front pay, in an amount which at this time is estimated to be no less than Two Millions Ten Thousand, and One hundred and twenty dollars ($2,010,120), the amount of Two MILLIONS DOLLARS ($2,000,000.00) in compensatory and punitive damages, and an award for past and future medical treatment, medicines and other analogue expenses, which are estimated in

the sum of FIFTY THOUSAND DOLLARS ($50,000.00), plus a reasonable amount for attorney's fees, the costs of this action, and pre-judgment and post-judgment interests; and, granting such other further relief that under the circumstances may seem appropriate to this Honorable Court.

Second Cause of Action; The Age Discrimination Claim:

55. The paragraphs stated herein before are literally incorporated herein and are made part of this paragraph.

56. This Second Cause of Action arises under The Age Discrimination Act, ADEA 29 USC §623 (f); Art. II § 1 Constitution of Puerto Rico; Act number 100 of June 30 of 1959 (29 USC §146 et seq)

57. Defendants unlawfully discriminated against CORTES with respect to the compensation, terms, categories, conditions and privileges of her employment by reason of her age in violation of The Age Discrimination Act, ADEA 29 USC §623 (f); Art. II § 1 Constitution of Puerto Rico; Act number 100 of June 30 of 1959 (29 USC §146 et seq).

58. As a direct result of Defendant's unlawful employment practices, CORTES sustained an aggravation of her emotional condition; suffered, is suffering and will continue to suffer severe psychological, moral and emotional pain, anguish and distress; and, has sustained a loss of happiness and a loss of the capacity to enjoy life.

59. On the basis of the foregoing, CORTES is entitled to receive a full, just and fair compensation for the aforestated emotional damages which, pursuant to The Age Discrimination Act, ADEA 29 USC §623 (f); Art. II § 1 Constitution of Puerto Rico; Act number 100 of June 30 of 1959 (29 USC §146 et seq).

60. Furthermore, as a consequence of Defendant's unlawful age employment practices and CORTES'S resultant mental damages, she has been and will continue to be in the future under psychiatric treatment and medications.

61. Moreover, as a direct of Defendant's unlawful, CORTES is liable to Plaintiff for future pay.

62. In addition, pursuant to pursuant to 42 U.S.C. § 2000e-5(k), Rule 54(d)(1) of the Federal Rules of Civil Procedure and 28 U.S.C.S. § 1920, CORTES is entitled to be awarded the costs to be incurred in this suit, plus reasonable attorney's fees.

THEREFORE, CORTES demands that Judgment be entered in her favor and against : commanding the latter to; granting her front pay, in an amount which at this time is estimated to be no less than Two Millions Ten Thousand, and One hundred and twenty dollars ($2,010,120), in future pay; the amount of Two MILLIONS DOLLARS ($2,000,000.00) in compensatory and punitive damages, and an award for past and future medical treatment, medicines and other analogue expenses, which are estimated in the sum of

FIFTY THOUSAND DOLLARS ($50,000.00), plus a reasonable amount for attorney's fees, the costs of this action, and pre-judgment and post-judgment interests; and, granting such other further relief that under the circumstances may seem appropriate to this Honorable Court.

Third Cause of Action: Gender Discrimination

63. The paragraphs stated herein before are literally incorporated herein and are made part of this paragraph.

64. This Third Cause of Action arises under Civil Rights Act 42 USC 2000-2000 (e); Art. II § 1 Constitution of Puerto Rico; Act number 100 of June 30 of 1959 (29 USC §146 et seq); Act Number 69 of July 6, 1985 (29 L.P.R.A. Sec. 1321)

65. Ernst policy of partner promotions has been during the years a discriminatory employment's practice based on sex discrimination.

66. At all times relevant herein ERNST has other discriminatory employment practice based on sex. During the years ERNST has open some managerial positions to its departments but has discriminated based on sex criteria.

67. Some ERNST officials had said to CORTES that she would not be promoted to partnership because of her sex.

68. At all times relevant here in ERNST has assigned to CORTES a greater sales volume in comparison with other young

male employees with the clearly intention of forcing her to rescind or affecting her physical and mental conditions.

69. At all times relevant herein ERNST has affected CORTES through hostile environments and terms and conditions of employment, that has affected her physically, and mentally. As a consequence she has filed a workmen compensation claim and received medical treatment with the Puerto Rico Workmen Compensation Fund Corporation.

70. Furthermore, as a consequence of Defendant's unlawful age employment practices and CORTES'S resultant mental damages, she has been and will continue to be in the future under psychiatric treatment and medications.

71. Moreover, as a direct of Defendant's unlawful, CORTES is liable to Plaintiff for future pay.

72. In addition, pursuant to 42 U.S.C. § 2000e-5(k), Rule 54(d)(1) of the Federal Rules of Civil Procedure and 28 U.S.C.S. § 1920 CORTES is entitled to be awarded the costs to be incurred in this suit, plus reasonable attorney's fees.

THEREFORE, CORTES demands that Judgment be entered in her favor and against : commanding the latter to; granting her front pay, in an amount which at this time is estimated to be no less than Two Millions Ten Thousand, and One hundred and twenty dollars ($2,010,120), in future pay; the amount of Two MILLIONS DOLLARS ($2,000,000.00) in compensatory and punitive damages,

and an award for past and future medical treatment, medicines and other analogue expenses, which are estimated in the sum of FIFTY THOUSAND DOLLARS ($50,000.00), plus a reasonable amount for attorney's fees, the costs of this action, and pre-judgment and post-judgment interests; and, granting such other further relief that under the circumstances may seem appropriate to this Honorable Court.

Fourth Cause of Action: Discrimination Pendant Claim

73. The paragraphs stated herein before are literally incorporated herein and are made part of this paragraph.

74. This Fourth Cause of Action arises under pursuant to the following pendant claims: Art. II § 1 Constitution of Puerto Rico; Act number 100 of June 30 of 1959 (29 USC §146 et seq); Act 44 of July 2, 1985, (1LPRA 501); Act number 115 of December 20th of 1991 (11 L.P.R.A. § 194 et seq) (herein after Retaliation Act; Act Number 69 of July 6, 1985 (29 L.P.R.A. Sec. 1321;

75. Moreover, as a direct of Defendant's unlawful, CORTES is liable to Plaintiff for future pay.

76. In addition, pursuant to 42 U.S.C. § 2000e-5(k), Rule 44 of the Puerto Rico Rules of Civil Procedure, CORTES is entitled to be awarded the costs to be incurred in this suit, plus reasonable attorney's fees.

Fifth Cause of Action: Retaliation Claim

77. The paragraphs stated herein before are literally incorporated herein and are made part of this paragraph.

78. The Defendants incurred in unlawful conduct in violation of the following laws: Act number 115 of December 20th of 1991 (11 L.P.R.A. § 194 et seq) (herein after Retaliation Act; Act Number 69 of July 6, 1985 (29 L.P.R.A. Sec. 1321; and Act Number 80, of 1976 (29 L.P.R.A. Sec. 185 et seq.).

79. On March 9, 2007, the Plaintiff was in a protected activity under the above mentioned laws when she filed timely charges of employment discrimination with the Anti-Discrimination Unit of the Department of Labor and Human Resources.

80. Also CORTES was in a protected activity under the above mentioned laws when she filed a workmen compensation claim and received medical treatment with the Puerto Rico Workmen Compensation Fund Corporation.

81. Based on the retaliation laws before stated CORTES is entitled to the following remedies: front pay estimated to be no less than Two Millions Ten Thousand, and One hundred and twenty dollars ($2,010,120), in future pay; the amount of Two MILLIONS DOLLARS ($2,000,000.00) in compensatory and punitive damages, and an award for past and future medical treatment, medicines and other analogue expenses, which are estimated in the sum of FIFTY THOUSAND DOLLARS ($50,000.00), plus a reasonable amount

for attorney's fees, the costs of this action, and pre-judgment and post-judgment interests; and, granting such other further relief that under the circumstances may seem appropriate to this Honorable Court. In addition, CORTES is entitled to the double of the compensatory damages.

### VI. PRAYER FOR RELIEF

WHEREFORE, it is respectfully requested that Judgment be entered by this Honorable Court in favor of Plaintiff and against Defendants:

a. granting Plaintiff all the sums and remedies requested in the complaint;

b. imposing upon Defendant the payment of all costs and expenses to be incurred in this lawsuit;

c. granting Plaintiff any other relief that she may be entitled to as a matter of law; and,

d. awarding Plaintiff pre-judgment and post-judgment interests, plus a reasonable amount for attorney's fees.

RESPECTFULLY SUBMITTED. In San Juan, Puerto Rico, this day of June 2, 2011

*[signature]*
IRIS NILSA CORTES
1007 AVE. MUÑOZ RIVERA
COND. DARLINGTON, SUITE 410
SAN JUAN, PR 00925-2718
TEL (787) 756-8544,
CEL.(787) 207-8743 FAX (787) 761-8615
e-mail: emmbimbela@gmail.com